Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
103 Cooper Street
Babylon, New York 11702
(631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS FUNEZ and VENANCIO CORDOVA
on behalf of themselves and all other persons
similarly situated,

       Docket No.:

      Plaintiffs,

       **COMPLAINT**

  -against-

TRIPLE S MASON CONTRACTORS, INC.,
TRIPLE S CONTRACTORS, CORP. and
MICHAEL SACKARIS,

      Defendants.
------------------------------------------------------------------X

  Plaintiffs, CARLOS FUNEZ and VENANCIO CORDOVA, on behalf of themselves and all other persons similarly situated, by and through their attorney, Peter A. Romero, Esq., complaining of the Defendants, allege as follows:

### PRELIMINARY STATEMENT

  1. Defendants have profited at the expense of their former employees who performed labor for Defendants' construction business by failing to pay Plaintiffs premium overtime wages for hours worked in excess of forty hours per week in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

2. In addition, Defendants failed to timely pay Plaintiffs' wages, and/or made only partial payment for all hours worked, in violation of the FLSA's prompt payment requirement, 29 U.S.C. §206(a), and failed to pay Plaintiffs in accordance with the agreed terms of employment in violation of Section 191(1)(d) of the NYLL.

## NATURE OF THE ACTION

3. Plaintiffs seek to recover unpaid wages that Defendants owe them under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

7. Defendants do business within the Eastern District of New York and maintain a place of business 601 Portion Road, Lake Ronkonkoma, New York 11779.

## THE PARTIES

8. The Plaintiff, CARLOS FUNEZ ("FUNEZ"), is a resident of the County of Nassau, State of New York.

9. At all times relevant to the complaint, Plaintiff FUNEZ was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

10. Plaintiff FUNEZ was employed by the defendants as a manual laborer from in or about July 2014 until on or about February 2015.

11. The Plaintiff, VENANCIO CORDOVA ("CORDOVA"), is a resident of the County of Suffolk, State of New York.

12. At all times relevant to the complaint, Plaintiff CORDOVA was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

13. Plaintiff CORDOVA was employed by the defendants as a manual laborer from in or about April 2012 through December 2014.

14. Defendant TRIPLE S MASON CONTRACTORS, INC., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

15. At all times relevant, defendant, TRIPLE S MASON CONTRACTORS, INC., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

16. Defendant TRIPLE S CONTRACTORS, CORP., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

17. At all times relevant, defendant, TRIPLE S CONTRACTORS, CORP., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

18. The defendant, MICHAEL SACKARIS ("SACKARIS"), resides at in Holbrook, New York.

19. The defendant, SACKARIS, is the President or Chief Executive Officer of TRIPLE S MASON CONTRACTORS, INC.

20.     The defendant SACKARIS is a shareholder of the defendant TRIPLE S MASON CONTRACTORS, INC.

21.     The defendant SACKARIS has authority to make payroll and personnel decisions for the defendant TRIPLE S MASON CONTRACTORS, INC.

22.     The defendant, MICHAEL SACKARIS, is active in the day to day management of TRIPLE S MASON CONTRACTORS, INC., including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

23.     The defendant, SACKARIS, is the President or Chief Executive Officer of TRIPLE S CONTRACTORS, CORP.

24.     The defendant SACKARIS is a shareholder of the defendant TRIPLE S CONTRACTORS, CORP.

25.     The defendant MICHAEL SACKARIS has authority to make payroll and personnel decisions for the defendant TRIPLE S CONTRACTORS, CORP.

26.     The defendant, MICHAEL SACKARIS, is active in the day to day management of TRIPLE S CONTRACTORS, CORP., including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

27.     The defendant, MICHAEL SACKARIS, by virtue of his position as manager and/or owner of the corporate defendants is liable to Plaintiffs as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiff seeks to recover.

## FACTS

28.     Defendants are engaged in commercial and residential construction.

29.     Plaintiff FUNEZ worked as a manual laborer for Defendants from in or about July 2014 until on or about February 2015.

30. Plaintiff CORDOVA worked as a manual laborer for Defendants from in or about April 2012 through December 2014.

31. The Defendants had control over the conditions of Plaintiffs' employment, their work schedule, the rates and methods of payment of Plaintiffs' wages and the maintenance of their employment records.

32. Plaintiff FUNEZ regularly worked from approximately 6:00 a.m. to 4:00 p.m., five to six days per week or approximately 40-60 hours per week.

33. Plaintiff FUNEZ worked more than forty hours in most workweeks in which he was employed by the defendants but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay.

34. Plaintiff CORDOVA regularly worked from approximately 6:00 a.m. to 4:00 p.m., five to six days per week or approximately 40-60 hours per week.

35. Plaintiff CORDOVA worked more than forty hours in most workweeks in which he was employed by the defendants but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay.

36. Plaintiff FUNEZ was paid fifteen ($15) dollars per hour for all hours worked in any given week.

37. Plaintiff CORDOVA was paid twenty ($20) dollars per hour for all hours worked in any given week.

38. Defendants failed to compensate the Plaintiffs for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate of pay throughout the entire term of Plaintiffs' employment with the defendants.

39. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiffs.

40. Defendants paid Plaintiffs, at times, wholly or partially in cash, without providing an accurate indication as to their rate of pay, the hours worked each day, and the total number of hours worked each week.

41. Defendants unlawfully failed to pay Plaintiffs proper compensation in violation of NYLL Article 6, 190 et seq. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

42. Throughout Plaintiffs' employment, Defendants failed to pay them regularly for all hours worked in any given week.

43. For example, for the week ending 7/10/14, Plaintiff FUNEZ worked 52.5 hours but was paid only $400 that week. Defendant told Plaintiff that the balance of the wages owed to him would be paid the following week.

44. The following week, the week ending on 7/17/14, Plaintiff FUNEZ worked 51.5 hours but was paid only $387.50. Defendant told Plaintiff that the balance of the wages owed to him would be paid at some unspecified later date.

45. For example, for the week ending 10/19/12, Plaintiff CORDOVA worked 38.5 hours but was paid only $600.00 that week. Defendant told Plaintiff that the balance of the wages owed would be paid to him the following week.

46. The following week, the week ending on 10/26/12, Plaintiff worked 49 hours but was paid only $980.00. Defendant told Plaintiff that the balance of the wages owed would be paid to him at some unspecified later date.

47. Defendants failed to pay Plaintiffs for all hours worked throughout their employment.

48. Defendants failed to timely pay Plaintiffs' wages in violation of the FLSA's prompt payment requirement, 29 U.S.C. §206(a), and failed to pay Plaintiffs in accordance with the agreed terms of employment in violation of Section 191(1)(d) of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

49. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

50. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in in bringing this action.

51. Plaintiffs seek to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms, who worked as manual laborers.

52. The First and Second Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

53. Plaintiffs bring New York Labor Law claims on behalf of themselves and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint (hereinafter referred to as the "Class" or the "Class Members").

54. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

55. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendants as manual laborers at any time during the six (6) years prior to the filing of this Complaint.

56. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

57. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendants failed and/or refused to pay the Plaintiffs and Class Members the overtime wages for hours worked beyond forty hours in a single workweek;

(b) whether Defendants failed to pay Plaintiffs and Class Members in accordance with the agreed terms of employment;

(c) whether Defendants made unlawful deductions to the wages of Plaintiffs and Class Members;

(d) whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiffs and the Class;

(e) whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(f) whether Defendants failed to furnish the Plaintiffs and Class members with an accurate statement with every payment of wages, listing hours worked, rates of pay, gross wages, and deductions and allowances, as required by law;

(g)   what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(h)   whether Defendants' general practice of failing and/or refusing to pay the Plaintiff and Class overtime pay was done willfully and/or with reckless disregard of the federal and state wage and hour laws.

58.   Plaintiffs' claims are typical of the claims of the Class that they seek to represent. Defendants failed to pay overtime wages and failed to maintain required and accurate records of wages and overtime wages for the hours worked in excess of forty (40) hours per week.

59.   Plaintiffs' claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

60.   Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.

61.   Plaintiffs have retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

62.   A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

63. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs.

64. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

65. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

**FIRST CLAIM FOR RELIEF**
**(FAIR LABOR STANDARDS ACT)**

66. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

67. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

68. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

69. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

70. As a result of defendants' unlawful acts, Plaintiffs are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

71. Due to defendants' violations of the New York Labor Law, Plaintiffs are entitled to recover from defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW: UNPAID WAGES)

72. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

73. Defendants employed Plaintiffs and Class Members for workweeks longer than forty (40) hours and willfully failed to pay the Plaintiffs overtime pay for the hours they worked in excess of forty (40) hours per week in violation of New York Labor Law.

74. By Defendants' failure to pay Plaintiffs and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

75. Due to Defendants' violations of the New York Labor Law, Plaintiffs and Class Members are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## (VIOLATION OF LABOR LAW SECTION 191)

76. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

77. Plaintiffs and Class Members were entitled to be paid their weekly wages "not later than seven calendar days after the end of the week in which the wages were earned."

78. Defendants violated Labor Law §191 by failing to pay Plaintiffs and Class Members the wages earned within the week such wages were due.

79. Plaintiffs and Class Members are entitled to recover from Defendants unpaid wages, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF LABOR LAW SECTION 193)

80. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

81. Labor Law §193 prohibits employers from making any deductions from wages, except as required by law or regulation, or authorized by the employee for the employee's benefit.

82. Defendants made deductions to wages, and/or shifted the cost of doing business to Plaintiffs and Class Members, in violation of Labor Law §193 and 12 NYCRR §142-2.10.

83. The deductions made by Defendants were for the benefit of the Defendants.

84. Plaintiffs and Class Members have been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## FOR VIOLATION OF NEW YORK LABOR LAW SECTION 195

85. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

86. Defendants failed to provide Plaintiffs and Class Members with the notice and information required by Section 195 of the Labor Law.

87. Due to defendant's failure to provide Plaintiffs and Class Members with the notice and information required by Section 195(1) of the Labor Law, each Plaintiff and Class Member is entitled to damages of up to $5,000.

88. Due to defendant's failure to provide Plaintiffs and Class Members with the notice and information required by Section 195(3) of the Labor Law, each Plaintiff and Class Member is entitled to damages of up to $5,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

  (iii) Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

  (iv) Damages pursuant to Labor Law Section 191;

  (v) Damages pursuant to Labor Law Section 193;

  (iv) Damages pursuant to New York State Labor Law Section 195;

  (v) Award of reasonable attorneys' fees and costs incurred in prosecuting these claims; and

  (vi) Such other relief as this Court deems just and proper.

Dated: Babylon, New York
   December 14, 2016

            LAW OFFICE OF PETER A. ROMERO PLLC

      By: /s/ *[signature]*
            Peter A. Romero (PR-1658)
            103 Cooper Street
            Babylon, New York 11702
            (631) 257-5588
            promero@romerolawny.com

            *Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Triple S Mason Contractors, Inc., Triple S. Contractors Corp. and Michael Sackaris to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_Carlos A Funez_           _9/12/16_
Carlos A. Funez                 Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Triple S Contractors Corp. and Michael Sackaris to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____    30/11/016
Venancio Cordova                                Date