UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   For Online Publication Only
CARLOS FUNEZ, VENANCIO CORDOVA and
ELDIS LANDA, on behalf of themselves and
all other persons similarly situated,

                                                                             **ORDER**
                                        Plaintiffs,        16-CV-06912 (JMA) (SIL)

        -against-

TRIPLE S MASON CONTRACTORS, INC.,
TRIPLE S CONTRACTORS, CORP. and
MICHAEL SACKARIS,
                                        Defendants.
------------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is plaintiffs' motion for default judgment against defendants Triple S Mason Contractors, Inc., Triple S Contractors, Corp. and Michael Sackaris for defendants' failure: (1) to pay overtime wages in violation of both the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and the New York Labor Law ("NYLL") Articles 6 and 19, § 650 et seq., and corresponding regulations, New York Codes, Rules and Regulations title 12, § 142; (2) to pay plaintiffs straight-time wages for all hours worked within seven calendar days after the end of the week in which the wages were earned, under NYLL § 191; and (3) to provide each plaintiff with the notice and information required by NYLL § 195(1) and NYLL § 195(3). Plaintiffs further request the Court hold a hearing on damages. For the reasons stated herein, plaintiffs' motion for a default judgment on liability is GRANTED. Plaintiffs' request for a hearing is DENIED without prejudice, and instead plaintiffs are directed to submit evidence to the Court concerning damages.

# I. DISCUSSION

## A. Defendants Defaulted

Defendants, who have not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

## B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendants' liability under the FLSA and NYLL.

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234. District courts may hold an inquest by affidavit without a hearing so long as the court has

"ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111.

Plaintiffs' request for a hearing on damages is denied, and plaintiffs are directed instead to submit evidence regarding damages to the Court no later than sixty (60) days from the date of this Order.

## II. CONCLUSION

For the reasons set forth herein, the Court GRANTS plaintiffs' motion for default judgment as to liability. The Court DENIES without prejudice plaintiffs' request for a hearing. Instead, plaintiffs are directed to submit evidence regarding damages to the Court no later than sixty (60) days from the date of this Order.

**SO ORDERED.**

Dated: September 18, 2018
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE