FILED
CLERK
3/7/2019 3:00 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CARLOS FUNEZ, VENANCIO CORDOVA and
ELDIS LANDA, on behalf of themselves and
all other persons similarly situated,

           Plaintiffs,

-against-

TRIPLE S MASON CONTRACTORS, INC.,
TRIPLE S CONTRACTORS, CORP. and
MICHAEL SACKARIS,

           Defendants.
----------------------------------------------------------------------X

**ORDER**
16-CV-06912 (JMA) (SIL)

**AZRACK, United States District Judge:**

  On September 18, 2018, the Court granted plaintiffs' motion for default judgment against defendants Triple S Mason Contractors, Inc., Triple S Contractors, Corp. and Michael Sackaris. (ECF No. 21.) The Court denied plaintiffs' request for a hearing on damages without prejudice and directed plaintiffs to submit evidence to the Court concerning damages. On December 19, 2018, plaintiffs filed a Supplemental Memorandum in Support of Motion for Default Judgment and accompanying declarations from the individual plaintiffs. (ECF Nos. 23, 24, 25, 26.) Based on the Court's review of plaintiffs' submissions, plaintiffs are entitled to (1) unpaid straight-time and overtime wages; (2) liquidated damages; (3) statutory damages pursuant to New York Labor Law ("NYLL") §§ 195(1)(a), 195(3); and (4) pre and post-judgment interest.

## I. DISCUSSION

  "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d

182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiffs by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012). The Court finds that plaintiffs' submissions, including the detailed declarations and attached exhibits, establish the damages for each individual plaintiff to a reasonable certainty.

Accordingly, the Plaintiffs are entitled to damages as follows:

| Plaintiff | Unpaid Straight-Time and Overtime Wages | Liquidated Damages | Statutory NYLL § 195(1)(a) Damages | Statutory NYLL § 195(3) Damages | Total |
|---|---|---|---|---|---|
| Carlos Funez | $3,892.50 | $3,892.50 | $2,500.00 | $2,500.00 | $12,785.00 |
| Venancio Cordova | $33,260.00 | $33,260.00 | $2,500.00 | $2,500.00 | $71,520.00 |
| Eldis Landa | $3,799.00 | $3,799.00 | $2,500.00 | $2,500.00 | $12,598.00 |

Under the NYLL, Plaintiffs are entitled to prejudgment interest at a rate of nine percent (9%) per annum on their unpaid straight-time and overtime wages. See NYLL § 198(1-a); N.Y. C.P.L.R. §§ 5001, 5004. Where Plaintiffs' "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). The Court will thus calculate prejudgment interest from the midpoint date between each of the individual plaintiff's first and last days of employment through the date of this Order.

For Carlos Funez, that date is October 31, 2014 and he is entitled to prejudgment interest of $1,524.15 ($3,892.50 x .09 x (1588 days)/365). For Venancio Cordova, that date is April 13, 2013 and he is entitled to prejudgment interest of $17,665.16 ($33,260.00 x .09 x (2154 days)/365). Finally, the midpoint date for Eldis Landa is July 29, 2014 and he is entitled to prejudgment interest of $1,575.60 ($3,799.00 x .09 x (1682 days)/365).

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against the defendants as follows: Defendants Triple S Mason Contractors, Inc., Triple S Contractors, Corp. and Michael Sackaris are jointly and severally liable to each individual plaintiff as follows: to Carlos Funez for $14,309.15, to Venancio Cordova for $89,185.16, and to Eldis Landa for $14,360.60.

Post-judgment interest is granted for each Plaintiff and shall be calculated pursuant to 28 U.S.C. § 1961 as of the date of this Default Judgment until the date of its satisfaction.

Plaintiffs may submit an application for attorneys' fees and costs within fourteen (14) days of entry of the Default Judgment in his action. Should plaintiffs fail to apply for attorneys' fees and costs within that time-frame, the Clerk of the Court is directed to close this case twenty-one (21) days from the date of this Order.

**SO ORDERED.**

Dated: March 7, 2019
Central Islip, New York

                                                    /s/ (JMA)
                                                  JOAN M. AZRACK
                                                  UNITED STATES DISTRICT JUDGE